UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OLYMPIA LEVINSON STIEGELE, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 05-CV-10677-MLW |
| BERNARD C. BAILEY, PAUL T. PRINCIPATO, PETER NESSEN, THOMAS J. REILLY, DENIS K. BERUBE, B.G. BECK, CHARLES E. LEVINE, and WILLIAM K. AULET, | ) |
| Defendants, | ) |
| and | ) |
| VIISAGE TECHNOLOGY, INC., | ) |
| Nominal Defendant. | ) |

## UNOPPOSED MOTION TO CONSOLIDATE
## AND APPOINT LEAD DERIVATIVE COUNSEL

This Unopposed Motion to Consolidate and Appoint Lead Derivative Counsel is hereby submitted by the Plaintiff, Olympia Levinson Stiegele, and is not opposed by Defendants Bernard C. Bailey, Paul T. Principato, Peter Nessen, Thomas J. Reilly, Denis K. Berube, B. G. Beck, Charles E. Levine and William K. Aulet.

Plaintiff requests that all subsequently filed actions raising issues against any or all of the Defendants that are the same as or similar to those raised in the original Shareholder Derivative Complaint filed in the above-styled suit (the "Derivative Complaint") be automatically consolidated with this action and assigned the below caption.

1.   Every pleading or paper filed in these consolidated actions concerning derivative claims asserted by any shareholder(s) on behalf of Nominal Defendant Viisage Technology, Inc., or in any separate action included herein, shall bear the following caption:

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re VIISAGE TECHNOLOGY, INC., DERIVATIVE LITIGATION | § § § § § § § § | Civil Action No. 05-CV-10677-GAO |
| This Document Relates to: Consolidated Civil Action | | |
| ALL ACTIONS | | |

2.   Plaintiff requests that William B. Federman of the law firm of Federman & Sherwood be appointed as Lead Counsel for the Plaintiff in the Derivative Action. Lead Counsel shall be responsible for the prosecution of the Derivative Action and shall coordinate and direct on behalf of the Plaintiff(s): (i) all pre-trial discovery proceedings; (ii) briefing and argument of motions; (iii) meetings of Plaintiff's counsel for purposes of proposing joint actions as deemed necessary; (iv) conducting of expert discovery; (v) the preparation for and trial of the Derivative Action and (vi) any and all settlement negotiations with Defendants. Defendants' counsel may rely upon all agreements made with Plaintiff's Lead Counsel, or other duly authorized representative of Plaintiff's Lead Counsel, and such agreements shall be binding on Plaintiff. Defendants take no position with respect to Lead Counsel.

3.   The Court hereby stays all proceedings, without prejudice, in the Derivative Action, including the obligation of any Defendant to move, answer or

otherwise respond to any complaint served in the Derivative Action, until thirty (30) days following an entry of an order on Defendants' Motion to Dismiss in the consolidated Securities Class Action that either grants dismissal without leave to replead or denies dismissal or as further ordered by this Court.

4. Pursuant to Local Rules, counsel for Plaintiff has conferred with defense counsel, who does not object to this Motion.

Dated: May 25, 2005.

Respectfully Submitted,

/s/ Alan L. Kovacs
Alan L. Kovacs, BBO No. 278240
LAW OFFICES OF ALAN L. KOVACS
2001 Beacon Street Suite 106
Boston, MA  02135
(617) 964-1177/Fax: (617) 332-1223

William B. Federman, OBA #2853
FEDERMAN & SHERWOOD
120 North Robinson, Suite 2720
Oklahoma City, OK  73102
(405) 235-1560/Fax: (405) 236-2112
*wfederman@aol.com*
         - and -
2926 Maple Avenue, Suite 200
Dallas, TX  75201

*Attorneys for Olympia Levinston Stiegele*

I:\Viisage\Derivative\MottoConsolidate.doc

CERTIFICATE OF SERVICE

     The undersigned hereby certifies that a copy of the foregoing Motion for Extension was electronically mailed to Mitchell H. Kaplan, P.C., attorney for defendant, and to the following counsel of record in the following related cases on the 25th day of May, 2005:

Theodore M. Hess-Mahan, Esq.
David Pastor, Esq.
Thomas G. Shapiro, Esq.
Leslie R. Stern, Esq.

Darguea v. Viisage Technology, Inc. et al, C.A. No. 05-10432 MLW
Broder v. Viisage Technology, Inc. et al, C.A. No. 05-10475 MLW
Clark v. Viisage Technology, Inc. et al, C.A. No. 05-10578 MLW
Martin v. Viisage Technology, Inc. et al, C.A. No. 05-10577 MLW
Flynn v. Viisage Technology, Inc. et al, C.A. No. 05-10498 MLW
Chang v. Viisage Technology, Inc. et al, C.A. No. 05-10537 MLW
Turnberry Asset Management  v. Viisage Technology, Inc. et al, C.A. No. 05-10725 MLW
Luo v. Viisage Technology, Inc. et al, C.A. No. 05-10617 MLW

                                                                              Alan L. Kovacs, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OLYMPIA LEVINSON STIEGELE,         )<br>                                                            )<br>            Plaintiff,                          )<br>                                                            )<br>vs.                                                    )   Case No. 05-CV-10677-MLW<br>                                                            )<br>BERNARD C. BAILEY, PAUL T.       )<br>PRINCIPATO, PETER NESSEN,      )<br>THOMAS J. REILLY, DENIS K.         )<br>BERUBE, B.G. BECK, CHARLES     )<br>E. LEVINE, and WILLIAM K. AULET, )<br>                                                            )<br>            Defendants,                      )<br>                                                            )<br>and                                                    )<br>                                                            )<br>VIISAGE TECHNOLOGY, INC.,        )<br>                                                            )<br>            Nominal Defendant.           )| |

### ORDER GRANTING CONSOLIDATION
### AND APPOINTOMG  LEAD DERIVATIVE COUNSEL

The Unopposed Motion to Consolidate and Appoint Lead Derivative Counsel was brought before me by the Plaintiff Olympia Levinson Stiegele.  As set forth in the previously submitted Motion, Defendants Barnard C. Bailey, Paul T. Principato, Peter Nessen, Thomas J. Reilly, Denis K. Berube, B. G. Beck, Charles E. Levine and William K. Aulet do not oppose the entry of this Order.  This Court therefore finds as follows:

IT IS ORDERED, ADJUDGED AND DECREED that:

1. All subsequently filed actions raising issues against any or all of the Defendants that are the same as or similar to those raised in the original Shareholder

Derivative Complaint filed in the above-styled suit (the "Derivative Complaint") shall be automatically consolidated with this action and assigned the caption below.

2. Every pleading or paper filed in these consolidated actions concerning derivative claims asserted by any shareholder(s) on behalf of Nominal Defendant Viisage Technology, Inc., or in any separate action included herein, shall bear the following caption:

UNITED STATES DISTRICT COURT<br>DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re VIISAGE TECHNOLOGY, INC., DERIVATIVE LITIGATION | § Civil Action No. 05-CV-10677-MLW<br>§<br>§ |
| This Document Relates to:<br>Consolidated Civil Action | §<br>§<br>§ |
| ALL ACTIONS | § |

3. The Court hereby appoints William B. Federman of the law firm of Federman & Sherwood as Lead Counsel for the Plaintiff in the Derivative Action. Lead Counsel shall be responsible for the prosecution of the Derivative Action and shall coordinate and direct on behalf of any and all Plaintiffs: (i) all pre-trial discovery proceedings; (ii) briefing and argument of motions; (iii) meetings of Plaintiffs' counsel for purposes of proposing joint actions as deemed necessary; (iv) conducting of expert discovery; (v) the preparation for and trial of the Derivative Action and (vi) any and all settlement negotiations with Defendants. Defendants' counsel may rely upon all agreements made with Plaintiff's Lead Counsel, or other duly authorized representative of Plaintiff's Lead Counsel, and such agreements shall be binding on Plaintiff(s). Defendants take no position with respect to Lead Counsel.

4.     The Court hereby stays all proceedings, without prejudice, in the Derivative Action, including the obligation of any Defendant to move, answer or otherwise respond to any complaint served in the Derivative Action, until thirty (30) days following an entry of an order on Defendants' Motion to Dismiss in the consolidated Securities Class Action that either grants dismissal without leave to replead or denies dismissal or as further ordered by this Court.

SIGNED this _____ day of May, 2005.

_____
HONORABLE MARK L. WOLF
UNITED STATES DISTRICT COURT JUDGE

I:\Viisage\Derivative\OrdertoConsolidate.doc