### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OLYMPIA LEVINSON STIEGELE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BERNARD C. BAILEY, PAUL T. )<br>PRINCIPATO, PETER NESSEN, )<br>THOMAS J. REILLY, DENIS K. )<br>BERUBE, B.G. BECK, CHARLES )<br>E. LEVINE, and WILLIAM K. AULET, )<br>)<br>Defendants, )<br>)<br>and )<br>)<br>VIISAGE TECHNOLOGY, INC., )<br>)<br>Nominal Defendant. ) | Case No. 05-CV-10677-GAO |

### AFFIDAVIT OF PROOF OF SERVICE

William B. Federman, of lawful age, after being first duly sworn upon her oath, states as follows:

1. I am a partner with the law firm of Federman & Sherwood, which represents the Plaintiff in the referenced matter.

2. On May 19, 2005, an original and one copy each of Waivers of Service of Summons for Defendants Viisage Technology, Inc., B. G. Beck, Charles E. Levine, Paul T. Principato, Thomas J. Reilly, William K. Aulet, Bernard C. Bailey, Peter Nessen, and Denis K. Berube, were served on their attorney of record Mitchell H. Kaplan, CHOATE HALL & STEWART LLP at Exchange Place 53 State Street Boston, MA 02109.

3. Attached hereto as collective Exhibit "A" are the Original Waivers of Service for the above-named Defendants, dated May 20, 2005.

FURTHER, AFFIANT SAYETH NOT.

DATED this 11th day of July, 2005.

Respectfully Submitted,

_____s/William B. Federman_____
William B. Federman, Bar #OBA #2853
**FEDERMAN & SHERWOOD**
120 North Robinson, Suite 2720
Oklahoma City, OK  73102
(405) 235-1560/Fax: (405) 236-2112
*wfederman@aol.com*
  - and -
2926 Maple Avenue, Suite 200
Dallas, TX  75201

  - and -

Alan L. Kovacs
**LAW OFFICES OF ALAN L. KOVACS**
2001 Beacon Street Suite 106
Boston, MA  02135
(617) 964-1177/Fax: (617) 332-1223

*Attorneys for Plaintiff,*
*Olympia Levinston Stiegele*

## **CERTIFICATE OF MAILING**

This certifies that on July 11, 2005, a true and correct copy of the above and foregoing document was mailed by U.S. Mail, with postage fully prepaid thereon, to the following parties:

Mitchell H. Kaplan
Karen Collari Troake
**CHOATE, HALL & STEWART**
Exchange Place
53 State Street
Boston MA 02109

                                                                                                                                     s/William B. Federman
                                                                          William B. Federman

EXHIBIT "A"

## WAIVER OF SERVICE OF SUMMONS

TO: Alan L. Kovacs, Law Office of Alan L. Kovacs

    I acknowledge receipt of your request that I waive service of summons in the action of *Stiegele v. Bailey, et al.* ("Viisage") which is case number 05-CV-10677 GAO in the United States District Court of Massachusetts. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

    I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or Viisage Technology, Inc. on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

    I (or Viisage Technology, Inc. on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

    I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days or on or before July 12, 2005.

_5/20/05_
Date

_Mitchell H. Kaplan_ (signature)
Signature

Mitchell H. Kaplan
CHOATE HALL & STEWART LLP

As Attorney of Record for
Defendant Viisage Technology, Inc.

Duty to Avoid Unnecessary Costs of Service of Summons

    Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.
    It is not good cause for a failure to waive service that a party believes that the complaint is unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of a summons retains all defenses and objections (except any relating to the summons or the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.
    A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

## WAIVER OF SERVICE OF SUMMONS

TO: Alan L. Kovacs, Law Office of Alan L. Kovacs

I acknowledge receipt of your request that I waive service of summons in the action of *Stiegele v. Bailey, et al.* ("Viisage") which is case number 05-CV-10677 GAO in the United States District Court of Massachusetts. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or Peter Nessen on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or Peter Nessen on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days or on or before July 12, 2005.

_5/20/05_
Date

_Mitchell H Kaplan_
Signature

Mitchell H. Kaplan
CHOATE HALL & STEWART LLP

As Attorney of Record for
Defendant Peter Nessen

Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of a summons retains all defenses and objections (except any relating to the summons or the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

## WAIVER OF SERVICE OF SUMMONS

TO: Alan L. Kovacs, Law Office of Alan L. Kovacs

    I acknowledge receipt of your request that I waive service of summons in the action of *Stiegele v. Bailey, et al.* ("Viisage") which is case number 05-CV-10677 GAO in the United States District Court of Massachusetts. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

    I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I or B. G. Beck (on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

    I (or B. G. Beck on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

    I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days or on or before July 12, 2005.

_5/20/05_                 _Mitchell H. Kaplan_ (signature)
Date                          Signature

Mitchell H. Kaplan
CHOATE HALL & STEWART LLP

As Attorney of Record for
Defendant B. G. Beck

### Duty to Avoid Unnecessary Costs of Service of Summons

    Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.
    It is not good cause for a failure to waive service that a party believes that the complaint is unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of a summons retains all defenses and objections (except any relating to the summons or the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.
    A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

I:\Viisage\Derivative\WaiverBeck.doc

## WAIVER OF SERVICE OF SUMMONS

TO: Alan L. Kovacs, Law Office of Alan L. Kovacs

    I acknowledge receipt of your request that I waive service of summons in the action of *Stiegele v. Bailey, et al.* ("Viisage") which is case number 05-CV-10677 GAO in the United States District Court of Massachusetts. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

    I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or Charles E. Levine on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

    I (or Charles E. Levine on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

    I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days or on or before July 12, 2005.

5/20/05  
Date

_Mitchell H. Kaplan_  
Signature

Mitchell H. Kaplan  
CHOATE HALL & STEWART LLP

As Attorney of Record for  
Defendant Charles E. Levine

Duty to Avoid Unnecessary Costs of Service of Summons

    Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.
    It is not good cause for a failure to waive service that a party believes that the complaint is unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of a summons retains all defenses and objections (except any relating to the summons or the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.
    A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

## WAIVER OF SERVICE OF SUMMONS

TO: Alan L. Kovacs, Law Office of Alan L. Kovacs

I acknowledge receipt of your request that I waive service of summons in the action of *Stiegele v. Bailey, et al.* ("Viisage") which is case number 05-CV-10677 GAO in the United States District Court of Massachusetts. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or Paul T. Principato on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or Paul T. Principato on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days or on or before July 12, 2005.

_5/20/05_  
Date

_Mitchell H Kaplan_ (signature)  
Signature

Mitchell H. Kaplan  
CHOATE HALL & STEWART LLP

As Attorney of Record for  
Defendant Paul T. Principato

Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of a summons retains all defenses and objections (except any relating to the summons or the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

## WAIVER OF SERVICE OF SUMMONS

TO: Alan L. Kovacs, Law Office of Alan L. Kovacs

    I acknowledge receipt of your request that I waive service of summons in the action of *Stiegele v. Bailey, et al.* (Viisage) which is case number 05-CV-10677 GAO in the United States District Court of Massachusetts. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

    I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

    I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

    I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days or on or before July 12, 2005.

5/20/05
Date

*[signature]*
Signature

Mitchell H. Kaplan
CHOATE HALL & STEWART LLP

As Attorney of Record for
Defendant Thomas J. Reilly

Duty to Avoid Unnecessary Costs of Service of Summons

    Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.
    It is not good cause for a failure to waive service that a party believes that the complaint is unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of a summons retains all defenses and objections (except any relating to the summons or the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.
    A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

## WAIVER OF SERVICE OF SUMMONS

TO: Alan L. Kovacs, Law Office of Alan L. Kovacs

    I acknowledge receipt of your request that I waive service of summons in the action of *Stiegele v. Bailey, et al.* ("Viisage") which is case number 05-CV-10677 GAO in the United States District Court of Massachusetts. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

    I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or William K. Aulet on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

    I (or William K. Aulet on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

    I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days or on or before July 12, 2005.

_5/20/05_  
Date

_Mitchell H. Kaplan_  
Signature

Mitchell H. Kaplan  
CHOATE HALL & STEWART LLP

As Attorney of Record for  
Defendant William K. Aulet

Duty to Avoid Unnecessary Costs of Service of Summons

    Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.
    It is not good cause for a failure to waive service that a party believes that the complaint is unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of a summons retains all defenses and objections (except any relating to the summons or the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.
    A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

I:\Viisage\Derivative\WaiverAulet.doc

## WAIVER OF SERVICE OF SUMMONS

TO: Alan L. Kovacs, Law Office of Alan L. Kovacs

I acknowledge receipt of your request that I waive service of summons in the action of *Stiegele v. Bailey, et al.* ("Viisage") which is case number 05-CV-10677 GAO in the United States District Court of Massachusetts. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or Bernard C. Bailey on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or Bernard C. Bailey on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days or on or before July 12, 2005.

_5/20/05_
Date

_Mitchell H. Kaplan_ (signature)
Signature

Mitchell H. Kaplan
CHOATE HALL & STEWART LLP

As Attorney of Record for
Defendant Bernard C. Bailey

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of a summons retains all defenses and objections (except any relating to the summons or the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

## WAIVER OF SERVICE OF SUMMONS

TO: Alan L. Kovacs, Law Office of Alan L. Kovacs

    I acknowledge receipt of your request that I waive service of summons in the action of *Stiegele v. Bailey, et al.* ("Viisage") which is case number 05-CV-10677 GAO in the United States District Court of Massachusetts. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

    I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I or Denis K. Berube (on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

    I (or Denis K. Berube on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

    I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days or on or before July 12, 2005.

_5/20/05_             _Mitchell H. Kaplan_
Date                            Signature

Mitchell H. Kaplan
CHOATE HALL & STEWART LLP

As Attorney of Record for
Defendant Denis K. Berube

**Duty to Avoid Unnecessary Costs of Service of Summons**

    Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.
    It is not good cause for a failure to waive service that a party believes that the complaint is unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of a summons retains all defenses and objections (except any relating to the summons or the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.
    A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.