UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OLYMPIA LEVINSON STIEGELE, Derivatively on behalf of Nominal Defendant Viisage Technology, Inc. Plaintiff, | )<br>)<br>)<br>)<br>) |
| vs. | ) Case No. 05-CV-10677-MLW<br>) |
| BERNARD C. BAILEY, PAUL T. PRINCIPATO, PETER NESSEN, THOMAS J. REILLY, DENIS K. BERUBE, B.G. BECK, CHARLES E. LEVINE, and WILLIAM K. AULET, MARCEL YON and HARRIET MOUCHLEY-WEISS | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants, | ) |
| and | ) |
| VIISAGE TECHNOLOGY, INC., | ) |
| Nominal Defendant. | ) |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM
ON THE ISSUE OF DIRECTOR INDEPENDENCE**

Plaintiff Olympia L. Stiegele ("Plaintiff") files this memorandum on the issue of director independence pursuant to this Court's Order of August 8, 2007. The Court has requested that the parties submit supplementary memoranda discussing case law regarding the independence of the members of a company's board of directors as it relates to the specific fact of this action.

**Defendant/Director Bailey is not independent.**

Defendant/Director Bernard C. Bailey ("Bailey") serves as Chief Executive Officer and President of Viisage Technology, Inc. ("Viisage"). In several cases, this employment relationship has led to a determination that the director was not independent. In *In re Cray, Inc.*,

431 F.Supp.2d 1114, 1128 (W.D. Wash. 2006) (applying Delaware law), the court presumed that two members of the board of directors of Cray, Inc. (the Chairman/CEO and another employee/director) were not independent because they relied on substantial income from Cray as employees. Similarly, in *Rales v. Blasband*, 634 A.2d 927, 937 (Del. 1993), one director was not independent because he was the president and CEO of the company and received a salary of approximately $1 million per year. The interested directors were the chairman of the board and the chairman of the board's executive committee. As such, these individuals were "in a position to exert considerable influence" over the director, making him not independent. *Id*. Finally, in *Steiner v. Meyerson*, 1995 WL 441999 (Del. Ch. July 19, 1995) a derivative action on behalf of Telxon Corp., certain directors were found to be not independent. One director was not independent because he was Telxon Corp.'s president and chief operating officer. *Id*. at *9. Because Defendant/Director Bailey is Viisage's Chief Executive Officer and President of Viisage, and because the Chairman of the Board, Defendant/Director Denis K. Berube ("Berube"), is an interested director and, due to his position, can "exert considerable influence" over Defendant/Director Bailey, Bailey is not independent.

**Defendant/Director Principato is not independent.**

Plaintiff has alleged that Defendant/Director Berube is a clearly interested director. Berube is the Chairman of the Board of Directors of Viisage. Plaintiff has also alleged that the largest shareholder of Viisage, Lau Technologies, was involved in the Secondary Offering which is described in detail in the Complaint. Lau Technologies realized proceeds of $779,779.00 from the sale of 141,778 shares of Viisage common stock in the Secondary Offering. In addition, the proceeds of the Secondary Offering to Viisage were used to repay in full a $4.3 million remaining debt obligation to Lau Technologies. Lau Technologies is a privately held company

owned by Defendant/Director Berube and his wife. Defendant/Director Paul T. Principato ("Principato") serves as the CFO of Lau. Berube is the Executive Vice President and Chief Operating Officer of Lau Technologies, and his wife is the CEO of Lau Technologies. This is similar to *In re New Valley Corp.*, 2001 WL 50212 (Del Ch. Jan. 11, 2001). In *New Valley*, the members of New Valley Corp.'s board of directors were not independent in relevant part because 1) one of the directors was the chairman/CEO of New Valley and a controlling shareholder of a second company (Brooke Group, Ltd. – which controlled both New Valley Corp. and a subsidiary whose assets were purchased by New Valley Corp.); 2) one of the directors was employed by and received substantial compensation from both New Valley Corp. and Brooke Group, Ltd.; and 3) one director was also a CEO of another New Valley Corp. subsidiary. *Id*. at * 7. Defendant/Director Principato is the CFO of Lau Technologies and a director of Viisage, and as such receives substantial compensation from Lau Technologies and Viisage. Because of this, Defendant/Director Principato is not independent. Further, Principato's position as CFO of Lau Technologies is dependent upon Defendant/Director Berube and his wife, who own Lau Technologies, thus, for this reason as well, Defendant/Director Principato is not independent. *See*, *Rales*, 634 A.2d at 937.

**Defendant/Director Beck is not independent.**

Defendant/Director B.G. Beck ("Beck") has a consulting agreement with Viisage under which he receives annual compensation of $300,000. In *Steiner*, 1995 WL 441999 at *10, a director was found to be not independent because he was a partner in a small law firm that received almost $1 million for services provided to Telxon and could be hired or fired by Telxon's CEO. "…[A] partner at a small law firm bringing in close to $1 million in revenues from a single client in one year may be sufficiently beholden to, or at least significantly

influenced by, that client as to affect the independence of his judgment." *Id*. Thus, because of his consulting agreement, for which he was paid $300,000 from one client in one year, and because he could be fired by Defendant/Director Berube, Defendant/Director Beck is not independent.

As shown above, a comparison of relevant case law to the specific fact in this case clearly shows that Defendants/Directors Bailey, Principato and Beck are not independent.

Dated: August 10, 2007				Respectfully Submitted,


				   s/ William B. Federman
				William B. Federman, Bar #OBA #2853
				Attorneys for Plaintiff
				FEDERMAN & SHERWOOD
				10205 N. Pennsylvania Ave.
				Oklahoma City, OK  73120
				Telephone:  (405) 235-1560
				Fax: (405) 239-2112
				*wfederman@aol.com*
					- and -
				2926 Maple Avenue, Suite 200
				Dallas, TX  75201


				Alan L. Kovacs
				LAW OFFICES OF ALAN L. KOVACS
				2001 Beacon Street Suite 106
				Boston, MA  02135
				(617) 964-1177/Fax: (617) 332-1223

**CERTIFICATE OF MAILING**

       This is to certify that on August 10, 2007, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Mitchell H. Kaplan
John R. Baraniak, Jr.
Aloknanda S. Bose
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA  02110
(617) 248-5000
mkaplan@choate.com
jb@choate.com
**Attorneys for Defendants**

                                                           __s/ William B. Federman_____
                                                           William B. Federman